UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RAMSEY E. CLAYTER,**             ) <br> ) <br> Petitioner,             ) <br> ) <br> v.             ) <br> ) <br> **DIANE MASSOUH, Chief Probation** ) <br> **Officer,**             ) <br> ) <br> Respondent.             ) | CIVIL ACTION <br> NO. 25-40110-MRG |

### MEMORANDUM AND ORDER
August 11, 2025

**GUZMAN, D.J.**

For the reasons stated below, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied without prejudice for failure to exhaust state remedies.

**I.     Background**

On August 7, 2025, Ramsey E. Clayter filed his self-prepared petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF 1). At that time, the $5.00 filing fee was paid. (ECF 3).

Petitioner states that in Gardner District Court on May 5, 2020, " a judgment of guilty [was entered on] four counts in the matter entitled *Commonwealth v. Clayter*, Docket No. 2063CR0084." (ECF 1 at 10). He alleges that he "is in custody pursuant to a judgment of a state court in violation of the Fourteenth Amendment [because the] trial court exercised jurisdiction with a defective complaint unsigned by a magistrate as required by law." *Id.* at 5. Petitioner contends that "[a]s a result, the judgment against him is **void ab initio**, and actions taken by all officials involved were and remain **ultra vires**, performed without lawful authority. *Id.*

(emphasis in original).   Petitioner further states that "he served almost 4 years in jail and the last 22 month[s] on probation."  *Id.*

In an earlier habeas proceeding, Clayter's petition was dismissed without prejudice for failure to exhaust state remedies.  *See* Electronic Order (ECF 29), *Clayter v Massouh*, No. 25-40023-MRG (dismissed Jul. 2, 2025).   He was advised that he may refile his 2254 petition once he has received a decision from the highest state appellate court as to each of his claims.  *Id.*

The following day, on July 3, 2025, Clayter sought to amend his petition arguing that the state court judgment is void ab initio.  (ECF No. 31).  On July 9, 2025, the Court denied Clayter's motion stating that he must present these issues to the state courts before pursuing them in a federal habeas proceeding.  (ECF 32)  Clayter unsuccessfully sought to bring the same claims pursuant to 28 U.S.C. § 2241.  *See Clayter v Massouh*, No. 25-40092-MRG (2241 petition dismissed Jul. 17, 2025).

Clayter seeks, among other things, to have this Court excuse his failure to exhaust state remedies by arguing that "he is in custody pursuant to a void judgment entered by a state court acting without subject matter jurisdiction."  (ECF 1 at 11).  The petition references Section 2254(b)(1)(B)(ii)  which allows a court to consider the merits of an unexhausted claim if circumstances exist that render the state process ineffective to protect the petitioner's rights.  28 U.S.C. § 2254(b)(1)(B)(i).  *Id.*

Clayter states that most recently, on July 17, 2025, he "filed an Emergency Motion to Vacate Judgment as Void pursuant to Mass. R. Crim P. 30, raising the precise jurisdictional defects now presented to this [federal] Court." *Id.* at 12.  Clayter states that the motion was denied for failing to "raise a substantial issue" and that his efforts to exhaust in state court are "futile." *Id.*  Clayter states that his motion for reconsideration is pending. *Id.*

On August 11, 2025, Clayter filed a motion for summary disposition (ECF 4) with a sworn certificate of constructive denial. (ECF 5).

**II.      Standard of Review**

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); *Mahoney v. Vondergritt*, 938 F.2d 1490, 1494 (1st Cir.1991) (upholding Rule 4 summary dismissal of § 2254 petition).

Under the Antiterrorism and Effect Death Penalty Act ("AEDPA"), a habeas petitioner must "exhaust[ ] the remedies in the courts for the State" before seeking relief on a given claim in federal court. 28 U.S.C. § 2254(b)(1)(A); *see also Sanchez v. Roden*, 753 F.3d 279, 294 (1st Cir. 2014) (exhaustion requirement codified by AEDPA). "This exhaustion requirement, which codified preexisting law, is born of the principle 'that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.'" *Coningford v. Rhode Island*, 640 F.3d 478, 482 (1st Cir. 2011) (quoting *Rose v. Lundy*, 455 U.S. 509, 515 (1982)). In cases arising from Massachusetts courts, exhaustion requires presentation of the claim in question to the Supreme Judicial Court. *See Janosky v. St. Amand*, 594 F.3d 39, 50 (1st Cir. 2010).

In conducting this review, Clayter's *pro se* petition is construed generously. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

### III. Discussion

The instant petition will be dismissed under Rule 4 because Clayter has not demonstrated that the state process is ineffective to protect his rights. As a result, Clayter's failure to exhaust his claims in state court before bringing them in federal court is not excusable in this instance. As he was recently advised, *see Clayter v Massouh*, No. 25-40023-MRG (dismissed Jul. 2, 2025), he must first exhaust his state court remedies and he may refile his petition once he has received a decision from the highest state appellate court as to each of his claims.

### IV. Order

Accordingly, the Court DENIES the petition without prejudice for failure to exhaust state remedies, directs the clerk to terminate the pending motion and orders that this action be DISMISSED.

   **So Ordered.**

             /s/ Margaret R. Guzman
             MARGARET R. GUZMAN
             UNITED STATES DISTRICT JUDGE

Dated: August 11, 2025